## CHARLES A. STILES

v.

## HEMAN STANNARD ET AL.

OCTOBER TERM, 1894.

*Equity.   Payee of note not bound to resort to surety for payment.*

The Paragon Marble Company, being indebted to the orator in the sum of $2,500, induced him to give his mortgage note to the defendant Stannard, who advanced him the money for that amount upon the agreement of the company to pay the note when due.   The other defendants, who were the principal stockholders in the marble company, and interested that the arrangement should be consummated for that reason, agreed with Stannard to indemnify him against loss on the note, but did not agree with the orator to pay it. *Held*, that the orator could not compel Stannard to resort to the other defendants first, nor the other defendants to pay the note.

Bill in equity.   Heard upon the report of a special master at the March term, 1894, Rutland county.   MUNSON, Chancellor, dismissed the bill with costs to the defendants. The orator appeals.

The orator alleged in substance that the Paragon Marble Company had contract rights in certain real estate belonging to him, and owed him in respect of said contract the sum of three thousand dollars; that said company was unable to pay the amount so due, and that for the purpose of paying

the same and thereby of saving their rights in said property they applied to the defendant Stannard, and procured from him a loan of two thousand five hundred dollars, which was paid to the orator upon such account; that for the purpose of securing said loan it was agreed that the defendant Stannard should take the orator's note for two thousand five hundred dollars, secured by mortgage upon the real estate in question, and that the marble company, upon the maturity of said note, should pay the same; that the other defendants were the stockholders of the Paragon Marble Company; that it was for their interest, for this reason, that the arrangement should be consummated, and that for the purpose of effecting the same they also agreed with the orator to pay said note when due; that the defendant Stannard knew the purpose of the loan; that the marble company and the other defendants were the parties in interest upon the notes, and assented thereto.

The prayer of the bill was that the defendant Stannard should be restrained from prosecuting any suit of foreclosure against the premises until he had exhausted his remedy against the other defendants, and that the other defendants be ordered to pay said note.

The master found the facts as alleged by the orator in reference to the giving of the note, and the agreement of the Paragon Marble Company to pay the same. He did not find that the other defendants agreed with the orator to pay said note, but that they agreed with the defendant Stannard to indemnify him against loss by reason of the taking of said note and mortgage.

*Henry A. Harman* for the orator.

This arrangement, by which the two thousand five hundred dollars was borrowed of Stannard for the purpose of paying the orator's debt, was made by the other defendants,

who were stockholders and officers in the corporation, and who were really the parties in interest. In equity they ought to pay the note. They were in effect co-sureties upon the note, the orator having signed at their request and for their benefit. *Blake* v. *Cole*, 22 Pick. 97 ; *Apgar* v. *Hiler*, 24 N. J. L. 812 ; *Mickley* v. *Stocksleger*, 10 Pa. 345 ; *Hayden* v. *Thrasher*, 28 Fla. 162 ; *Ranelaugh* v. *Hayes*, 1 Vernon, 189 ; *Bishop* v. *Day*, 13 Vt. 81 ; *Ferrer* v. *Barrett*, 4 Jones Eq. 455.

*J. C. Baker* for the defendant.

The guaranty of the other defendants was not with the orator, but with the defendant Stannard, and was to indemnify him against loss. The orator can claim no benefit by reason of this contract between Stannard and the other defendants. Forest Oil Company's Appeal, 118 Pa. St. 138 ; *Skinner* v. *Tirrell*, 159 Mass. 474 ; *Morrison* v. *Bank*, 65 N. H. 253 ; *Liles* v. *Rogers*, 113 N. C. 197.

THOMPSON, J. The orator, Charles A. Stiles, seeks to be relieved from the payment of his note and mortgage executed and delivered to the defendant, Heman Stannard.

Among other things, the master finds that on the first day of October, A. D. 1885, the Paragon Marble Company, a corporation, was in possession of a marble quarry on the orator's land, which it was then operating under the terms of a bond executed and delivered by the orator to one L. W. Collins, and an extension thereof executed and delivered by him to the Paragon Marble Company as the assignees of the bond. By the terms of the bond and the extension thereof the corporation was to pay the orator three thousand dollars, October 1, 1885. When that day arrived it had no money with which to make this payment.

The defendants, Erastus H. Phelps, George M. Fuller, L. W. Collins and L. B. Smith, were the principal stock-

holders of the corporation, and Fuller was the president, and Phelps was the treasurer. Defendant Stannard was never a stockholder of the corporation.

Being unable to make the payment on the last named day, the corporation, by its officers, asked the orator for further delay, and not to enforce the conditions of the bond; and they also informed him that defendant Stannard would not invest any money in the business of the corporation, but that he would loan two thousand five hundred dollars, and they proposed to the orator that he should give his note to Stannard for two thousand five hundred dollars, and secure the same by mortgage upon the property described in the bond, agreeing that the corporation should pay the note when it became due, and that it should pay the balance of the three thousand dollars, viz., five hundred dollars, in one year with interest. Relying upon this agreement of the corporation, the orator executed and delivered the note and mortgage to Stannard and received from him two thousand five hundred dollars, and permitted the corporation to remain in the possession and control of the quarry. This agreement of the corporation to pay this note was not in writing, but the master expressly finds that such was the understanding between the officers of the corporation and the orator, Charles A. Stiles, and that without it he would not have given the note and mortgage, nor have extended the time for the payment of the three thousand dollars. When the note fell due the corporation did not pay it, and has never paid it.

Stannard was not satisfied to take the mortgage as security for the loan, and thereupon the other defendants executed and delivered to him an agreement to indemnify him against loss in case the mortgage security was insufficient to pay the note.

The orator predicates his right to be relieved from the payment of the note and mortgage, upon the allegation in

his bill, that at the time the note and mortgage were given to Stannard, the other defendants gave him a contract in writing agreeing to pay him the two thousand five hundred dollars with interest thereon, when the same became due; but the master finds that they did not make such a contract, and that they only made the contract of indemnity in respect to the adequacy of the mortgage security before mentioned. The master finds no fact which disentitles Stannard to enforce the note and mortgage. It is found that the corporation and not the other defendants agreed to pay the note at its maturity. The corporation is not a party to this suit. So far as disclosed by any papers furnished this court, there is no allegation of facts in the bill which, if found, would charge any of the defendants as stockholders of the corporation with the payment of this note, and that question is not before us, either by the allegations of the bill or the findings of the master. The bill was properly dismissed with costs to the defendants.

*Decree affirmed and cause remanded.*